*Steven D. Cahn, Esq. ID#035021986*
*CAHN & PARRA, P.A.*
**1015 New Durham Road**
**Edison, New Jersey 08817**
**(732) 650-0444**
**Attorneys for Plaintiff**

| | |
|---|---|
| **TIFFANY MARTINO,** | **: SUPERIOR COURT OF NEW JERSEY** |
| | **GLOUCESTER COUNTY** |
| **Plaintiff,** | **: LAW DIVISION** |
| | **DOCKET NO. GLO-L-638-26** |
| **Vs.** | **:** |
| | |
| **MORTGAGE CONNECT, LP; INSPIRE :** | **CIVIL ACTION** |
| **CLOSING SERVICES, LLC;** | |
| **JOHN DOES 1-20 (said names Being** **:** | |
| **fictitious and ABC CORPORATIONS** | **SUMMONS** |
| **1-10 (said corporations being fictitious** **:** | |
| **CORPORATIONS (said corporations** | |
| **being fictitious)** | **:** |
| | |
| **Defendants.** | **:** |

From the State of New Jersey

To the Defendant(s) named above: *INSPIRE CLOSING SERVICES, LLC, 600 Clubhouse Drive, Moon Township, Pennsylvania 15108*

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Gloucester County, 70 Hunter Street, Woodbury, New Jersey 08096. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Referral Service.

/s/ *Michelle M. Smith*

Dated: April 30, 2026      *Michelle M. Smith, Superior Court Clerk*

*Steven D. Cahn, Esq. ID#035021986*
*CAHN & PARRA, P.A.*
1015 New Durham Road
Edison, New Jersey 08817
(732) 650-0444
Attorneys for Plaintiff

| | | |
|---|---|---|
| TIFFANY MARTINO, | : | SUPERIOR COURT OF NEW JERSEY |
| | | GLOUCESTER COUNTY |
| Plaintiff, | : | LAW DIVISION |
| | | DOCKET NO. |
| Vs. | : | |
| | | |
| MORTGAGE CONNECT, LP; INSPIRE | : | CIVIL ACTION |
| CLOSING SERVICES, LLC; | | |
| JOHN DOES 1-20 (said names Being | : | |
| fictitious and ABC CORPORATIONS | | COMPLAINT, JURY DEMAND, |
| 1-10 (said corporations being fictitious | : | DESIGNATION OF TRIAL COUNSEL |
| CORPORATIONS (said corporations | | |
| being fictitious) | : | |
| | | |
| Defendants. | : | |

Plaintiff, *Tiffany Martino*, residing at 1911 Normandy Avenue, Deptford, Gloucester County, New Jersey, by way of Complaint, says:

## FIRST COUNT

1.     The plaintiff, *Tiffany Martino*, was initially hired by the defendants, *Inspire Closing Services, LLC,* and/or *Mortgage Connect, LP*, on or about May 20, 2020, as a Title Clearance Coordinator.

2.     The defendant, *Mortgage Connect, LP*, is a national mortgage service provider headquartered in Coraopolis, Pennsylvania that services lenders and investors with title-related services.

3.     The defendant, *Inspire Closing Services, LLC*, is a subsidiary and/or

affiliated with the defendant, *Mortgage Connect, LP* sharing the same ownership, leadership, facilities, technology, and clients, and provides nationwide mortgage and title services.

4. The plaintiff, while employed by the defendants, *Mortgage Connect, LP and/ or Inspire Closing Services, LLC,* worked remotely as a Title Clearance Coordinator from her New Jersey home office in Deptford, New Jersey.

5. The plaintiff was laid off from her position with the defendants, *Mortgage Connect, LP and/ or Inspire Closing Services, LLC,* as a remote Title Clearance Coordinator in April of 2023.

6. The plaintiff was hired by the defendant, *Mortgage Connect, LP,* on or about May 22, 2023, as a Title Clearance Coordinator, essentially working in the same role from her home office in New Jersey.

7. In September of 2024, the plaintiff advised her direct supervisor Melissa Broksky, that she was pregnant.

8. Shortly after the plaintiff learned of her pregnancy, she discovered that she was diagnosed as having a high-risk pregnancy and therefore would need to take specific medical precautions. The plaintiff advised her employer concerning her medical diagnosis.

9. The plaintiff developed significant medical complications requiring her to need reasonable accommodations, time off from work beginning on January 20, 2025.

10. On February 5, 2025, the plaintiff gave birth to a daughter who had medical disabilities including heart and kidney complications, hip dysplasia, and a chromosome

deletion.

11. On or about April 21, 2025, plaintiff advised the defendants that her daughter had multiple medical conditions and requested reasonable accommodations including working an earlier shift and a flexible schedule in order to care for her daughter's medical conditions.

12. The plaintiff was scheduled to return to work from disability and/or New Jersey Family Leave on June 25, 2025.

13. The defendants, specifically Courtney Mazer, a coordinator with Human Resources, advised the plaintiff that the defendants, based upon their business needs, could not accommodate her need for accommodations based upon her daughter's medical condition.

14. On or about June 20, 2025, the defendants wrongly and unlawfully terminated the plaintiff's employment based upon her medical disability, her need to take off from work, and her request for accommodations concerning her daughter's medical disability.

15. The defendants, *Mortgage Connect, LP*, and *Inspire Closing Services, LLC*, along with other subsidiary or affiliate companies, engaged in the same business; advertised open positions for title clearance coordinators prior to and subsequent to the termination of the plaintiff's employment.

16. The plaintiff applied for open positions including positions as Title Clearance Coordinator advertised by the defendants and their related entities.

17. Despite the fact the plaintiff was fully qualified for the various open

positions advertised by the defendants and had worked for the defendants for over four years, the plaintiff was not hired for any of the open positions in which the defendants were seeking candidates for employment.

18. The decision to terminate the plaintiff's employment was unlawful, and based upon the plaintiff's pregnancy, medical disability, family status and/or need to request reasonable accommodations including but not limited to time off from work and a modification of her work schedule in direct violation of the *New Jersey Law Against Discrimination N.J.S.A 10:5-1 et seq.*

19. As a direct and proximate result of the unlawful discriminatory conduct on the part of the defendants, the plaintiff suffered damages including economic damages, personal hardship, physical and emotional distress, severe emotional trauma, and anxiety caused by the actions on the part of the defendants.

**WHEREFORE** the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) an order declaring the defendants have violated the *New Jersey Law Against Discrimination* and requiring them to take appropriate corrective action to end discrimination in the work place; and (g) for any other relief as the Court may deem equitable and just.

## SECOND COUNT

1. The plaintiff, *Tiffany Martino,* repeats each and every allegation of the First Count as if more fully set forth herein at length.

2. The plaintiff was an experienced Title Clearance Coordinator with over twenty years' work experience working with various mortgage and title related business entities and was fully qualified for various open positions advertised by the defendants and the defendants' related affiliates' entities.

3. The plaintiff applied for employment with the defendants and/or the defendants related affiliate entities.

4. The defendants hired employees to fill the open positions who had not taken medical leave, and/or had made a request for reasonable accommodations.

5. The defendants did wrongfully and unlawfully refuse to hire the plaintiff for open positions in which she was qualified based in whole or part on unlawful discrimination concerning the plaintiff's medical disability, prior pregnancy status, family status, and need for accommodations in the workplace in order to care for a disabled child.

6. The actions and practices on the part of the defendants were unlawful and a violation of the *New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq.*

7. As a direct and proximate result of the unlawful discriminatory conduct on the part of the defendants, the plaintiff suffered damages including economic damages, personal hardship, physical and emotional distress, severe emotional trauma, and anxiety caused by the actions on the part of the defendants.

**WHEREFORE** the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) an order declaring the defendants have violated the *New Jersey Law Against Discrimination* and requiring them to take appropriate corrective action to end discrimination in the work place; and (g) for any other relief as the Court may deem equitable and just.

## THIRD COUNT

1.     The plaintiff, *Tiffany Martino,* repeats each and every allegation of the First Count and Second Count as if more fully set forth herein at length.

2.     The defendants' unlawful employment practices in terminating the plaintiff and in refusing to hire the plaintiff for an open position in which she was qualified, were based on unlawful discrimination concerning the plaintiff's family status and need to care for a disabled child.

3.     The actions and practices on the part of the defendants were unlawful and a violation of the *New Jersey Law Against Discrimination N.J.S.A. 10:5-1 et seq.*

4.     As a direct and proximate result of the unlawful conduct on the part of the defendants, the plaintiff has suffered damages including but not limited to economic damages, emotional distress, and other compensatory damages.

**WHEREFORE** the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) an order declaring the defendants have violated the *New Jersey Law Against Discrimination* and requiring them to take appropriate corrective action to end discrimination in the work place; and (g) for any other relief as the Court may deem equitable and just.

## FOURTH COUNT

1.     The plaintiff, *Tiffany Martino,* repeats each and every allegation of the of the First Count, Second Count and Third Count as if more fully set forth herein at length.

2.     Defendants ABC Corporations 1-10 are to date unknown and/or undiscovered entities including private organizations as well as any public or quasi-public bodies and/or organizations yet to be discerned who were employers of the plaintiff.

3.     Defendants John Does 1-20 are to date unknown and/or undiscovered individuals including both private organizations as well as any public or quasi-public bodies and/or organizations yet to be discerned who were employees of the defendant.

4.     ABC Corporations 1-10 and John Does 1-20, through their agents, servants and/or employees did act to intentionally harm the plaintiff, *Tiffany Martino,* by wrongfully terminating his employment with the defendants, *Mortgage Connect, LP and*

*Inspire Closing Services, LLC,* in violation of the *Law Against Discrimination, N.J.S.A. 10:5-1, et seq.*

**WHEREFORE**, the plaintiff demands judgment as follows: (a) ordering defendants to reinstate the plaintiff with full back pay and benefits; (b) compensatory damages; (c) punitive damages; (d) damages including personal hardship, economic loss, physical and emotional stress, severe emotional trauma and anxiety caused by the uncertainty of this employment controversy, family and social disruption and other personal injuries; (e) costs and attorneys fees; (f) an order declaring the defendants have violated the *New Jersey Law Against Discrimination* and requiring them to take appropriate corrective action to end discrimination in the work place; and (g) for any other relief as the Court may deem equitable and just.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

**STEVEN D. CAHN**, Esquire, is hereby designated as trial counsel for the Plaintiff in the within matter.

## CERTIFICATION

I certify that the matter in controversy is not the subject of any other action or arbitration proceedings, now or contemplated.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

CAHN & PARRA, P.A.
Attorney for Plaintiff(s)

Date:  April 30, 2026                    By:  _____
                                              STEVEN D. CAHN, ESQ.

# Civil Case Information Statement

## Case Details: GLOUCESTER | Civil Part Docket# L-000638-26

**Case Caption:** MARTINO TIFFANY  VS MORTGAGE CONNECT LP

**Case Initiation Date:** 04/30/2026

**Attorney Name:** STEVEN D CAHN

**Firm Name:** CAHN & PARRA, LLC

**Address:** 1015 NEW DURHAM ROAD

EDISON NJ 08817

**Phone:** 7326500444

**Name of Party:** PLAINTIFF : Tiffany Martino

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** LAW AGAINST DISCRIMINATION (LAD) CASES

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 12 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by: Tiffany Martino?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
 **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
 **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/30/2026
Dated

/s/ STEVEN D CAHN
Signed

GLOUCESTER COUNTY COURTHOUSE
GLOUCESTER COUNTY CIVIL DIVISION
1 NORTH BROAD ST
WOODBURY          NJ 08096

                                 TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (856) 878-5050
COURT HOURS  8:30 AM - 4:30 PM


                    DATE:   APRIL 30, 2026
                    RE:     MARTINO TIFFANY  VS MORTGAGE CONNECT LP
                    DOCKET: GLO L -000638 26


    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.


    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.


    THE PRETRIAL JUDGE ASSIGNED IS:  HON SAMUEL J. RAGONESE


     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     103
AT:  (856) 878-5050 EXT 15257.


    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:
                              ATT: STEVEN D. CAHN
                              CAHN & PARRA, LLC
                              1015 NEW DURHAM ROAD
                              EDISON          NJ 08817


ECOURTS